IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH W. KILGOE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-667-RGA |
| WESTLAKE FINANCIAL, et al., | : |
| Defendants. | : |

Kenneth W. Kilgoe, Wilmington, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 14, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Kenneth W. Kilgoe appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He commenced this action on May 23, 2022. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff claims jurisdiction by reason of a federal question. (D.I. 2 at 3). Plaintiff's vehicle was stolen on May 3, 2022. (D.I. 2-1 at 3). He alleges that Defendants Progressive Insurance and Westlake Financial do not want to fulfill their obligations. (D.I. 2 at 4).

Plaintiff seeks $4,600 in damages. (*Id*. at 7).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). See 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be

1

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth;

2

and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

This Court does not have jurisdiction.

Plaintiff indicates the basis for jurisdiction is a federal question. (D.I. 2 at 3). The Complaint alleges that Plaintiff's car was stolen on May 3, 2022, and Defendants Westlake Financial and Progressive Insurance do not want to fulfill their obligations to Plaintiff. The scant allegations do not describe Plaintiff's relationship to Westlake Financial or Progressive Insurance and do not describe their alleged obligations to Plaintiff. I infer that Plaintiff has auto insurance with one or both of them. I have reviewed the Complaint and it does not raise a federal civil claim for violations of the United States Constitution or federal statutes. *See* 28 U.S.C. § 1331. The Court does not have jurisdiction under 28 U.S.C. § 1331.

Nor does the Court has diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a) requires complete diversity of the parties and an amount in controversy in excess of $75,000. The parties are diverse - at least as to Plaintiff (citizen of Delaware) and Westlake Financial (which has a California address). The Complaint does not provide an address for Progressive Insurance and Daniel Allinson, who might be a third

3

defendant.  (If this were the only issue, I would let Plaintiff amend.).  Nonetheless, the amount in controversy is clearly less than $75,000 based upon the prayer for relief that seeks $4,600 in damages.  Accordingly, there is no diversity jurisdiction under 28 U.S.C. § 1332(a).

In light of the foregoing, there is no basis for the Court to exercise jurisdiction over the matter.  Therefore, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

An appropriate Order will be entered.